UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGELA CORVISON-SMITH,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No.: |
| ) | 2:23-cv-00575-MHT-KFP |
| NAVSAV HOLDINGS, LLC.,   ) | |
| ) | (WO) |
| Defendant.   ) | |
| ) | |
| ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on **July 10th, 2025,** wherein the following proceedings were held and actions taken:

1.     PARTIES AND TRIAL COUNSEL:

    For **Plaintiff Angela Corvison-Smith:** Jon C. Goldfarb, L. William Smith.

    For **Defendant NAVSAV Holdings, LLC.**: Wyatt Snider

    COUNSEL APPEARING AT PRETRIAL HEARING:

    For **Plaintiff Angela Corvison-Smith:** Jon C. Goldfarb

    For **Defendant NAVSAV Holdings, LLC.**: Wyatt Snider

2.     JURISDICTION AND VENUE:

    The court has subject matter jurisdiction of this action under the following statutes, rules or cases: 28 USC §§1331 and 1343.

3.     PLEADINGS: The following pleadings and amendments were allowed: Complaint (Doc. 1), Answer to Complaint (Doc. 8).

4.     CONTENTIONS OF THE PARTIES:

        **(a)**    **Plaintiff**

The Plaintiff, Angela Corvison-Smith, bring a claim of pregnancy discrimination in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Section 701(k) and 42 U.S.C. Section 1981a ("Title VII") arising from Defendant's termination of her employment. Plaintiff's pregnancy was at least a motivating factor in Defendant's decision to terminate her employment, even if Defendant had other legitimate or nonlegitimate reasons for taking that action. 42 U.S.C. § 2000e—2(a)(1); 42 U.S.C. § 2000e—2(m). Plaintiff was qualified for the position she held prior to her termination, and she never stated that she was unqualified as Defendant contends; rather, this is a pretext for pregnancy discrimination. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 769 (11th Cir. 2005); *Phillips v. Legacy Cabinets*, 87 F.4th 1313, 1325 (11th Cir. 2023). Plaintiff was one of two Commercial Account Managers working out of the Montgomery office. The other was Denise Crowell. At the time of Plaintiff's termination, she was pregnant with a due date of June 16, 2023. Regan Murray, the Vice President of Human Resources, made the decision to terminate Plaintiff's employment. CEO Brent Walters was not involved in selecting Plaintiff to be terminated.

VP Murray knew that Plaintiff was pregnant at the time she made the decision to terminate Plaintiff's employment. After terminating Plaintiff's employment, Defendant posted for a new Commercial Account Manager position for the Montgomery office.

In terminating Plaintiff, Defendant retained Denise Crowell, who was not pregnant, had not recently been pregnant, and was not scheduled to go out on maternity leave; Plaintiff and Crowell were "similarly situated in all material respects," *Lewis v. City of Union City*, 918 F.3d 1213, 1226 (11th Cir. 2019), as according to VP of HR Murray, "it was just to reduce the workforce and we had two full-timer account managers to decide from." Even if Crowell is not deemed a "strict comparator," Defendant's decision to retain the non-pregnant account manager who was not scheduled for imminent maternity leave while terminating the manager who was pregnant and scheduled to go out on leave, particularly in the context of a claimed reduction in force, are circumstances supporting an inference that Plaintiff's pregnancy was at least a motivating factor in her termination. *See Jenkins v. Nell*, 26 F. 4th 1243, 1251 (11th Cir. 2022) (reasoning under the "circumstantial mosaic" theory that "[a]lthough Jones was not a strict comparator, the evidence

2

that he threatened his supervisor, a Rule A-6 violation, and did not incur any additional warnings or discussion about his comments is relevant"). Crowell performed Plaintiff's work after Plaintiff's termination and thus replaced her. *Mazzeo v. Color Resolutions Int'l*, 746 F.3d 1264, 1271 (11th Cir. 2014); *Rollins v. TechSouth, Inc.* 833 F.2d 1525, 1529 (11th Cir. 1987).

Contrary to Defendant's argument, both commercial account manager positions were needed in the Montgomery office: Plaintiff's supervisor Anita Tomren testified that after Plaintiff's termination, "the office needed another body. It was buried in paperwork." Defendant also immediately posted a second commercial account manager position in the Montgomery office immediately after Plaintiff's employment was terminated. *See, e.g., Mitchell v. Russell Lands, Inc.*, No. 3:12-CV-458-WKW [WO], 2013 U.S. Dist. LEXIS 77324, at *12 (M.D. Ala. June 3, 2013) (reasoning that "Plaintiff has produced evidence that during the same time frame the company worried about its financial straits so much that it reduced her hours and compensation, it increased its overall number of employees. Moreover, Defendant listed an opening for the vacancy her resignation created and sought a full-time replacement...")

At trial, the *McDonnell Douglas* "single motive" burden-shifting framework does not apply. *See Hall v. Ala. Ass'n of Sch. Bds.*, 326 F.3d 1157, 1167 (11th Cir. 2003) (observing that "under the 1991 amendments, to establish liability, the employee need only show 'that … [a protected characteristic] … was a motivating factor for any employment practice, even though other factors also motivated the practice,' 42 U.S.C.A. § 2000e-2(m), and then, to avoid the full array of remedies, the employer must 'demonstrate[] that [it] would have taken the same action in the absence of the impermissible motivating factor.") As the Eleventh Circuit has emphasized, "[s]ingle-motive and mixed-motive are not, we should be clear, distinct claim types. Instead, they offer alternative theories of causation for proving discrimination under Title VII." *McCreight v. AuburnBank*, 117 F.4th 1322, 1331 (11th Cir. 2024). At trial, Plaintiff therefore has only the statutory burden of showing that "sex … was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C.S. § 2000e-2.

Plaintiff seeks all remedies available under law, including reinstatement or front pay to the extent reinstatement is not practicable, backpay (plus pre- and post-judgment interest), compensatory damages in an amount to be determined by the jury, punitive damages, and

reasonable attorney's fees and costs pursuant to 42 USC §1988. Plaintiff is entitled to punitive damages because Defendant "engaged in a discriminatory practice … with malice or with reckless indifference" to Plaintiff's federally protected right to be free of pregnancy discrimination. 42 U.S.C. § 1981a(b)(1); *United States EEOC v. W&O Inc.*, 213 F.3d 600, 611 (11th Cir. 2000). The individuals who discriminated against Plaintiff were "high[] up the corporate hierarchy, or … higher management countenanced or approved [their] behavior." *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1323 (11th Cir. 1999). The wrongdoing employees discriminated while "acting in the scope of employment" and serving in a "managerial capacity." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 543 (1999).

In the event she prevails at trial, Plaintiff seeks injunctive relief including an order of reinstatement or frontpay if reinstatement is impracticable. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338 (11th Cir. 1999) ("we have fashioned a rule of 'presumptive reinstatement' in wrongful discharge cases" for victorious plaintiffs," but "when extenuating circumstances warrant, a trial court may award a plaintiff front pay in lieu of reinstatement.") Plaintiff further seeks an award of reasonable attorney's fees, costs, and post-judgment interest pursuant to 42 USC §§1981a and 1988. See, e.g., *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1292 (11th Cir. 2008).

### (b) **Defendant**

Defendant denies Plaintiff's claims. Defendant did not discriminate against Plaintiff based on her pregnancy when she was terminated as a result of a reduction in force within the Company. Pregnancy was not a motivating factor in the decision to terminate Plaintiff and Plaintiff has not provided any evidence to support that Plaintiff's pregnancy was a motivating factor or any factor at all in her termination, and Plaintiff has failed to prove the Defendant intended to discriminate against Plaintiff in its reduction in force. *See Zaben v. Air Prods. & Chems, Inc*., 129 F.3d 1453, 1457 (11th Cir. 1997).

The fact that Plaintiff represented to Defendant's employees that she did not feel qualified for the position, was not central to the decision to eliminate her position and was not a pretext for termination but a supporting fact which is bolstered by Anita Tomren's testimony, who stated that she lacked experience and training for her position. Plaintiff's position was eliminated because the

Montgomery, Alabama office was losing revenue and upper management, in an effort to cut costs, decided they did not need two (2) Commercial Account Managers and of the two (2), Denise Crowell was more experienced, and knew the book much better. The experience, training, and knowledge gap between Plaintiff and Denise Crowell is also why they were not similarly situated in all material aspects. *See Lewis v. City of Union. City*, 948 F.3d 1213 (11th Cir. 2019). Denise Crowell is not a "strict comparator". Furthermore, Plaintiff has no evidence to suggest pregnancy was a factor in her termination because Plaintiff's maternity leave was not imminent (it was six months away), the CEO who approved the elimination of her position did not know Plaintiff was pregnant, and Ragen Murray, the Vice President of Human Resources, who recommended the elimination of her position did not know when Plaintiff's maternity leave would take place when the decision was made in January. Plaintiff relies on Anita Tomren's testimony as to why two (2) Commercial Account Managers were needed, but she is not a decision maker and her testimony on that is irrelevant and inadmissible. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018).

      Plaintiff's Charge with the EEOC fails to mention her complaint regarding Denise Crowell. Plaintiff's Charge, in fact, alleges she was terminated because training she needed on a new system would interfere with her maternity leave. Notably, Plaintiff has changed her complaints after discovery because the evidence is clear that Ragen Murray and Brent Walters never received her email and her supervisor's email about training.

      Plaintiff was never replaced by anyone, in fact, all Montgomery Commercial Account Managers were eliminated for a statewide Commercial Account Manager position combining Alabama and Georgia. Furthermore, Plaintiff was provided with every accommodation she asked for and was treated well by everyone at NavSav after her pregnancy was announced to her supervisor. Despite Plaintiff's continued assertions to the contrary, Plaintiff's position was never advertised for after Plaintiff was terminated.

      Plaintiff cannot establish pretext because Plaintiff cannot prove and has not provided any evidence that Defendant's reason was false and that discrimination was the real reason. *See Springer v. Convergys Customer Mgmt. Group, Inc.* 509 F.3d 1344, 1349 (11th Cir. 2007). Defendant denies that Plaintiff is entitled to any relief in this matter.

5.     STIPULATIONS BY AND BETWEEN THE PARTIES:

The plaintiff, Angela Corvison-Smith, was hired by Defendant through a recruiter to work remotely out of its Montgomery, Alabama office as a Commercial Account Manager in May 2022.

At the time of Plaintiff's termination, she was pregnant.

Denise Crowell was not pregnant at any time relevant to this case.

Plaintiff's employment was terminated on Friday, January 27, 2023.

***

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last approximately three days, are set for September 8, 2025, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each

6

photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by August 27, 2025;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 19, as modified); and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 11th day of July, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**